```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/08/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO C. RODRIGUEZ,

                Petitioner,

-against-

JOHN/JANE DOE,

                Respondent.

24-CV-01376 (MMG)

**TRANSFER ORDER**

MARGARET M. GARNETT, United States District Judge:

    Petitioner Julio C. Rodriguez, who is currently in immigration detention in the Moshannon Valley Processing Center ("MVPC"), in Philipsburg, Pennsylvania, brings this *pro se* Petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, seeking immediate release. For the following reasons, the Court transfers the petition to the United States District Court for the Middle District of Pennsylvania.

## BACKGROUND

    The following facts are gleaned from the Petition, which does not set forth the events giving rise to Petitioner's detention in a straightforward manner. Petitioner, who appears to be a citizen of Colombia, entered the United States as a minor in 1991. Dkt. No. 1 at 27. He lived and worked in New Jersey, is married to a United States citizen, and has a daughter who is also a United States citizen. *Id.* at 28-31. Petitioner has been in immigration detention since November 24, 2021.[1] *Id.* at 37.

    It appears that Petitioner was convicted of a crime in New Jersey state court; he sets forth claims of false arrest and malicious prosecution, and he further asserts that police officers in

---

[1] According to the Executive Office for Immigration Review Automated Case Information, on March 9, 2023, an immigration judge in Elizabeth, New Jersey granted Petitioner voluntary departure.

Newark, New Jersey, as well as judges and defense attorneys, conspired to violate his rights to due process and a fair trial.[2]  *See id.* at 6, 14-22.

Petitioner discusses, at length, his health and multiple serious health conditions, the risk he faces of contracting COVID-19, and the myriad ways in which officials at the MVPC have allegedly denied him adequate medical attention and retaliated against him for complaining about the lack of medical care.  *See id.* at 5-13.  He further claims that his mail has been tampered with, and that he has been denied access to the MVPC law library.  *Id.* at 14-17.  Petitioner also challenges the fairness of his immigration proceedings, and he asserts that his family will be harmed if he is deported.  *See id.* at 10, 23-24, 48.

Two documents accompany the Petition.  First, Petitioner filed an "Emergency Motion to Show Cause for Writ of Habeas Corpus" that names the United States Attorney General; the Secretary of the Department of Homeland Security; the "ICE Field Office Director for" MVPC; officials at MVPC; and officials at the Essex County Correctional Facility in New Jersey.  Dkt. No. 2.  The submission states only that Petitioner is making "allegations for mail fraud," and does not specify the nature of the relief sought.  *Id.*

Second, Petitioner filed a form application for the Court to request the appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.  Dkt. No. 3.  In that document, Petitioner states that he seeks immediate release "due to his under[lying] medical condition with his heart and brain suffering for 14 months[.]  Petitioner could die."  *Id.* at 2.  Petitioner invokes

---

[2] Publicly available records show that the judges and attorneys listed in the Petition are located in New Jersey.  *See id.* at 5, 10.

*Zadvydas v. Davis*, 533 U.S. 678, 682 (2001),³ and he asserts that he has been improperly held for longer than six months. *Id.*; Dkt. No. 1 at 49-51.

**DISCUSSION**

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "[T]he general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443. "[T]he district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent," *id*. at 444 (emphasis omitted), *i.e.* "the warden of the facility where the prisoner is being held." *Id.* at 435; *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Although *Padilla* did not specifically address this rule in the immigration habeas context, and there is no direct Second Circuit authority on this issue, many courts in this Circuit have applied *Padilla*'s default rule to core habeas challenges in the immigration context. *See Gutierrez v. Dubois*, No. 19-CV-0847 (GLS/ATB), 2020 WL 8366159, at *2 (N.D.N.Y. Feb. 25, 2020); *Ali v. DHS/ICE/Dept. of Justice*, No. 19-CV-8645 (LGS), 2020 WL 3057383, at *2 (S.D.N.Y. June 9, 2020); *Darboe v. Ahrendt*, No. 19-CV-11393 (ER), 2020 WL 1057502, at *1 (S.D.N.Y. Mar. 2, 2020) (collecting cases).

Petitioner, who is challenging his custody and seeks immediate release, is currently detained at MVPC in Philipsburg, Pennsylvania, which is located in Centre County,

---

³ In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 698.

Pennsylvania, in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). The court that has *habeas corpus* jurisdiction of this action is therefore the United States District Court for the Middle District of Pennsylvania, which is the proper venue for this action. In the interest of justice, this Court transfers this action to that court. *See* 28 U.S.C. §1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. All pending motions are to be adjudicated by the transferee court. An order to answer shall not issue from this Court. This Order closes this action in this Court.

Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: March 8, 2024
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

4